PORTLAND MAIN OFFICE
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Paul T. Maloney
Assistant U.S. Attorney
Paul.Maloney@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

June 26, 2019

Bear Wilner-Nugent
Counselor & Atty at Law LLC
620 SW 5th Ave Ste 1008
Portland OR 97204

    Re:    *United States v. Kermit Tyler Poulson*, Case No. 3:18-cr-00622-SI
           <u>Amended</u> Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the crime of transmitting threatening communications with intent to extort in violation of Title 18, United States Code, Section 875(d).

3.    **Penalties**: The maximum sentence is 2 years' imprisonment, a fine of $250,000, a term of up to 1 year supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**: The parties agree that the government can prove the following facts and elements beyond a reasonable doubt:

    As to Count 1: That on or about October 9, 2018, in the District of Oregon:

1. Defendant knowingly transmitted a communication in interstate and foreign commerce;

2. Defendant acted with the intent to extort money or other things of value; and

3. The communication contained a threat to injure the property of another.

The government need not prove that defendant intended to carry out the threat.

The government can establish these elements by proving the following facts beyond a reasonable doubt:

On October 9, 2018, Portland Mayor Ted Wheeler posted an image to his Instagram account. That same day, multiple comments were made to the post referencing an officer involved shooting (Portland Police Officer Britt), which was under review. Defendant posted multiple comments under the Instagram account username "riot_cop_7" threatening to firebomb the Mayor's home if he did not fire Officer Britt. The comments read:
- "Ever had a Molotov cocktail thrown threw (sic) your bedroom window at 4 am?"
- "Or your office building?"
- "The cops can't protect you"
- "What are you going to do? Fire Britt. No Molotov."
- "Keep Britt. House on fire"
- "And Molotov cocktail party at [street number] sweet [street name]"
- "You like your bricks? We can remove them from the house and throw them through a window"
- "There are more of us than the police"
- "We don't care about arrest"
- "For every person he kills. Gangs will kill cops"

The comments referenced Mayor's home by street number, street name and made a reference to the decorative bricks on the front of the home.

Portland FBI investigated the threat. Within days of the report, investigators identified the IP address used by "riot_cop_7" to post the comments, and tracked the IP address to a residence in Portland, Oregon. Investigators obtained a warrant to search the residence for the router, and other devices capable of being used to post the comments. This warrant was executed on October 12, 2018. The home owner was touring with his band out of state at the time the warrant was executed. However, multiple individuals, including defendant, were staying at the home in his absence.

Defendant was present during the search. He identified his mobile phone for the investigators and consented to an interview. A subsequent search of the phone linked the phone to the "riot_cop_7" account, and contained other incriminating data. Defendant initially made a number of misleading statements during the interview with the case agent and TFO. After being confronted with the inconsistencies in his statements, defendant admitted that he alone posted the comments. Defendant said that some of his statements were inspired by what he had heard from other activists. He went on to apologize about having scared the Mayor, and even wrote an apology letter.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: For sentencing purposes, the parties agree the following guideline calculations presently apply in this case:

| Provision | Description | Offense Level Calculation |
|---|---|---|
| USSG § 2B3.2 | | BOL=18 |
| USSG § 3A1.2 | Official Victim | +3 |
| | **Combined Adjusted Offense Level** | **21** |
| USSG § 3E1.1 | Acceptance of Responsibility | -3 |
| 18 U.S.C. § 3553(a) | Sentencing Factors | -4 |
| | **Total Offense Level** | **14** |
| USSG § 4A1.1 | Criminal History Category (estimate) | IV |
| | **ADVISORY SENTENCING RANGE:** | **27-33 Months** |
| **18 U.S.C. § 875(d)** | **Statutory Maximum** | **24 Months** |

There is no agreement concerning defendant's criminal history calculation, but the parties estimate that he is within Criminal History Category IV. If the parties are correct, defendant's advisory guideline range, if he qualifies for a reduction for acceptance of responsibility, would be 27-33 months' imprisonment. However, the statutory maximum for this offense is two years' imprisonment.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any

criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Sentencing Recommendation**: In consideration of all the factors under 18 U.S.C. § 3553(a), and the applicable sentencing guideline the government will recommend a low-end sentence not to exceed 24 months' imprisonment as long as defendant demonstrates an acceptance of responsibility as explained above. The parties will jointly recommend a term of one year supervised release to follow defendant's term of imprisonment. The government agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range except as specified in this agreement. Defendant is free to seek any lawful sentence.

10. **Abandonment of Property**: By signing this agreement, defendant knowingly and voluntarily abandons his right, title, and interest in and to all of assets seized during this investigation including defendant's cell phone which was used to transmit the communications alleged in Count 1.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

Bear Wilner-Nugent
Re: Kermit Tyler Poulson *Amended* Plea Agreement Letter
Page 5
June 26, 2019

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

16. **Deadline**: This plea offer expires if not accepted by June 28, 2019 at noon.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

/S/ *Paul T. Maloney*
PAUL T. MALONEY
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

7-3-19
Date

Kermit Tyler Poulson,
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

7/3/19
Date

Bear Wilner-Nugent,
Attorney for Defendant